Filed 2/24/15  P. v. Castilleja CA3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>TRENIDAD CASTILLEJA, JR.,<br><br>    Defendant and Appellant. | G049886<br><br>(Super. Ct. No. R-00238)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Christopher J. Evans, Temporary Judge (Pursuant to Cal. Const., art. VI, § 21). Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Trenidad Castilleja, Jr., on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against his client but advised the court he found no issues to argue on his client's behalf. We gave Castilleja 30 days to file written argument on his own behalf. That time has passed, and he did not file a brief.

Counsel filed a brief following the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). The *Wende* court explained a *Wende* brief is one that sets forth a summary of the proceedings and the facts but raises no specific issues. Under these circumstances, the court must conduct an independent review of the entire record. When specific issues are raised by the appellant himself in a *Wende* proceeding, we must expressly address them in our opinion and explain why they fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.) Here, Castilleja did not file a supplemental brief raising any issues.

Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel provided the court with information as to two issues that might arguably support an appeal. Counsel questioned whether the record revealed Castilleja's time on Post-Community Supervision (PCS) was in excess of three years in contravention of Penal Code section 3455, subdivision (e), and whether the trial court erred in denying Castilleja's motion to terminate his PCS.

We have reviewed the record in accordance with our obligations under *Wende* and *Anders*, and found no arguable issues on appeal. The judgment is affirmed.

FACTS

In November 2009, Castilleja pled guilty to one count of receiving stolen property in San Luis Obispo County in violation of Penal Code section 496, subdivision (a), and was sentenced to two years in prison. Following his release from custody two years later, Castilleja was placed on PCS in Orange County.

2

Castilleja violated his PCS on four occasions. In July 2012, Castilleja admitted he violated his probation by failing to notify his probation officer of his new address as instructed and by suffering a conviction for receiving stolen property in Alameda County. Castilleja was sentenced to 340 days in custody, with credit of 170 days of actual confinement time plus 170 days of conduct credit. In February 2013, Castilleja admitted he violated his PCS by driving under the influence of alcohol and by committing a hit and run. He was sentenced to 204 days, 102 days of actual confinement time plus 102 days of conduct credit. In September 2013, Castilleja admitted he failed to provide his probation officer with proof of enrollment in an alcohol or substance abuse treatment program and that he was drunk in public in Orange County. He received 180 days, 90 days of actual confinement time plus 90 days of conduct credit.

In December 2013, the probation department filed a petition for revocation of PCS, alleging the following: Castilleja tested positive for marijuana and methamphetamine, he was expelled from his drug treatment program, he failed to report to his probation officer, and he was arrested for contempt of court. Later that month, Castilleja filed a motion to terminate his PCS.

Early the next month, the trial court, after considering the motion and hearing argument, denied Castilleja's motion. Later that month, Castilleja admitted this fourth violation of his PCS. He was sentenced to 162 days, 81 days of actual confinement time plus 81 days of conduct credit. The trial court ordered PCS be reinstated.

Castillaja filed a timely notice of appeal. The trial court denied his request for a certificate of probable cause.

DISCUSSION

We have reviewed the record in accordance with our obligations under *Wende* and *Anders* and considered the issues listed by counsel. We find no arguable issues on appeal.

3

## DISPOSITION

The judgment is affirmed.


                                        O'LEARY, P. J.

WE CONCUR:


RYLAARSDAM, J.


THOMPSON, J.


4